## Hartman Construction Company v. Zehnder.

*Mechanic's lien—Demurrer—Averments in lien—Construction.*

A mechanic's lien filed under the provisions of the Act of June 4, 1901, § 10, P. L. 481, 434, silent as to the kind of construction for which a lien is claimed, whether new or fitting up or equipping an old structure, is void for uncertainty, and will be stricken from the record.

Motion to strike off mechanic's lien. C. P. Lackawanna Co., Mechanic's Lien, No. 4711.

*J. E. Watkins,* for plaintiff; *R. W. Rymer* and *C. B. Comegys,* for defendant.

NEWCOMB, J., April 16, 1921.—The claim—filed Dec. 20, 1920—is for installing an electric wiring system in a house in this city at defendant's instance and request, not in writing. The period during which the work was done extended from Feb. 17th to June 22, 1920. Whether the lien was filed in time, therefore, depends upon the character of the structure. If it was part and parcel of new construction, the claim was entered within the time prescribed by law. On the other hand, the right of lien had theretofore expired if it was a case either of alteration or of "fitting up or equipping old structures with . . . useful appliances:" Act of June 4, 1901, § 10, P. L. 434.

As to which of the two kinds of construction is intended in this instance the claim is silent. Hence, the demurrer.

It is objected that it is bad for the omission of a distinct averment in that particular; and it is believed the objection is well taken.

As the law stood prior to the Act of 1901, it had been so decided: Wharton et al. *v.* Investment Co., 180 Pa. 168. True, at that time the two classes of liens depended for their existence upon different acts of assembly, while at present both are included in the one statute. But that circumstance cannot vary the question involved nor affect the ground upon which the decision was based, which was simply this: The claim must show on its face to which class it belongs, because (1) that is demanded by the general rule governing the pleading of a cause of action of purely statutory origin; and (2) it is the owner's right to know under which of the two his property is sought to be burdened.

No rational ground for supposing that right has been abridged can arise from the mere fact that both classes have in the meantime been provided for by appropriate sections of a single statute which amounts to a codification of its various predecessors.

This claim, therefore, must be deemed void for uncertainty. The rule to show cause is accordingly made absolute and the lien stricken from the record.

From M. E. McDonald, Scranton, Pa.